R. Bruce Rich
Jonathan Bloom
Heather R. Solow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Attorneys for *the Radio Music License Committee and Withers Broadcasting Company of Illinois, LLC, et al.*

**10 CIV 0230**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application for the Determination of License Fees for<br><br>WITHERS BROADCASTING COMPANY OF ILLINOIS, LLC, et al.<br><br>Related to<br><br>UNITED STATES OF AMERICA,<br>             Plaintiff,<br>             v.<br>BROADCAST MUSIC, INC.,<br>             Defendant. | No. 10 Civ. ____ (LLS)<br><br>APPLICATION FOR THE DETERMINATION OF INTERIM LICENSE FEES FOR WITHERS BROADCASTING COMPANY OF ILLINOIS, LLC, ET AL.<br><br>No. 64 Civ. 3787 (LLS) |

RECEIVED JAN 1 2 2010 U.S.D.C. S.D.N.Y.

   Withers Broadcasting Company of Illinois, LLC, on its own behalf and on behalf of thousands of commercial radio broadcast station owners nationwide represented by the Radio Music License Committee ("RMLC") (herein collectively "Applicants"), hereby applies, pursuant to Section XIV(B) of the BMI Consent Decree entered in United States v. Broadcast Music, Inc., 1966 Trade Cas. (CCH) ¶ 71,941 (S.D.N.Y. 1966), *as*

*amended by* 1996-1 Trade Cas. (CCH) ¶ 71,378 (S.D.N.Y. 1994) (the "BMI Consent Decree"), for a determination of reasonable interim license fees for such of Applicants' public performances of musical works in the repertory of Broadcast Music, Inc. ("BMI") as are encompassed by the RMLC license request dated December 11, 2009 (attached as Exhibit 1 hereto).

As contemplated by Section XIV(B) of the BMI Consent Decree, it is both timely and appropriate for the Court to fix interim license fees to be effective (pursuant to prior agreement of the Parties) the earlier of July 1, 2010 or the date of the Court's interim fee order,[1] which fees are to remain in effect until superseded either by negotiated agreement of the Parties or by subsequent determination by the Court of reasonable final fees for the Applicants during a later stage of these proceedings.

Pursuant to the Order of the Court dated April 25, 2001 in <u>United States</u> v. <u>Broadcast Music, Inc.</u>, 64 Civ. 3787, Applicants bring this proceeding by separate petition and note that this proceeding is related to 64 Civ. 3787.

### The Parties

1. BMI is a music performing rights licensing organization with its headquarters at 320 West 57th Street, New York, NY 10019. Upon information and belief, BMI is a New York corporation that operates on a non-profit basis and distributes royalties collected for the public performance of its affiliates' musical works to its affiliates.

2. The RMLC represents the collective interests of a majority of commercial radio stations in the United States in connection with music licensing matters. To that

---

[1] The Parties have agreed to provisional interim fees for the period from January 1, 2010 until the above-stated operative date of the interim fees to be determined by the Court.

2

end, the RMLC negotiates and/or manages litigation in proceedings such as this over license fees for the public performance of music by local commercial broadcast radio broadcasters throughout the country. Historically, most U.S. commercial radio stations have either expressly authorized the RMLC to negotiate and/or litigate with BMI on their behalf, or have agreed to be bound by the outcome of the BMI/RMLC negotiations or court proceedings. As a result, following the conclusion of rate-setting proceedings between the RMLC and BMI, thousands of radio stations have entered into license agreements with BMI based on the outcome of such proceedings.

### **Jurisdiction**

3. This Court has continuing jurisdiction over the setting of reasonable license fees for the public performance of works in the BMI repertory pursuant to the BMI Consent Decree. See BMI Consent Decree, §§ XIII, XIV.

4. BMI is required to grant a non-exclusive license to perform all of the works in the BMI repertory to any music user who makes a written request. On December 11, 2009, the RMLC requested on behalf of some 5,305 stations (constituting the Applicants herein) a license from BMI to cover specified public performances of BMI-repertory music for the period commencing January 1, 2010. See Exhibit 1 hereto.

5. Applicants commence this proceeding pursuant to Section XIV(B) of the BMI Consent Decree, which provides that "[w]hen an applicant has the right to perform any compositions in [BMI's] repertory pending the completion of any negotiations or proceedings provided for in Subsection (A) hereof, either the applicant or [BMI] may apply to this Court to fix an interim fee pending final determination of what constitutes a reasonable fee."

## Relief Requested

6. After a full year of negotiations, the Parties have been unable to reach agreement on either interim or final license fees for the license term commencing January 1, 2010. In advance of the filing of an application for the determination of final fees, Applicants hereby respectfully request, pursuant to Section XIV(B) of the BMI Consent Decree, that the Court set interim license fees for public performances of BMI music by the Applicants pending final negotiation or judicial determination of reasonable license fees.

Dated: New York, New York  
January 12, 2010

Respectfully Submitted,

WEIL, GOTSHAL & MANGES LLP

By: *[signature]*  
R. Bruce Rich  
Jonathan Bloom  
Heather R. Solow

767 Fifth Avenue  
New York, New York  10153  
Phone: (212) 310-8000  
Fax: (212) 310-8007  
Email:  bruce.rich@weil.com  
          jonathan.bloom@weil.com  
          heather.solow@weil.com

*Attorneys for the Radio Music License Committee and Withers Broadcasting Company of Illinois, LLC, et al.*